UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LARRY ATKINS, ET AL.                                        CIVIL ACTION

VERSUS

ACE AMERICAN INSURANCE CO.,                    NO. 18-00865-BAJ-RLB
ET AL.

RULING AND ORDER

Before the Court is Defendants John Durham, Ace American Insurance Company, and The Besl Transfer Company, Inc.'s (hereinafter "Defendants") Motion for Summary Judgment (Doc. 26). Plaintiffs oppose the Motion. (Doc. 29). Defendants filed a Reply. (Doc. 30). Plaintiffs filed a Sur-Reply. (Doc. 44).

For the reasons stated herein, the Motion is **DENIED**.

I. FACTS

This case arises out of a car accident. At approximately 11:45 p.m. on September 3, 2017, Defendant John Durham (hereinafter "Durham") was traveling on Interstate 12 (hereinafter "I-12") West in a 1994 Peterbilt tractor (hereinafter "tractor"). (Doc. 26-1, ¶ 1; Doc. 29-1, ¶ 1). The tractor's driveshaft ejected onto I-12. (Doc. 26-1, ¶ 2; Doc. 29-1, ¶ 2). Plaintiff Larry Atkins ran over the driveshaft. (Doc. 26-1, ¶ 3; Doc. 29-1, ¶ 3). Plaintiff Debra Atkins was an occupant of her husband's vehicle. (*Id.*).

1

Plaintiffs allege that the tractor ejected its driveshaft into its path, causing the passenger-side wheels to elevate off the roadway before crashing back down, causing Plaintiffs to suffer personal injuries, damages, and other losses. (Doc. 1-4, ¶ 3).

The tractor passed an inspection on March 27, 2017, approximately six months prior to the accident, with no maintenance or repairs needed. (Doc. 26-1, ¶ 7; Doc. 29-1, ¶ 7).

## II.   PROCEDURAL HISTORY

Plaintiffs filed suit on August 22, 2018, in the 19th Judicial District Court for the Parish of East Baton Rouge. (Doc. 1-4). Thereafter, Defendants removed this case to the Court based on diversity jurisdiction, 28 U.S.C. § 1332. (Doc. 1; Doc. 6). It is undisputed that Louisiana law applies to this action. (Doc. 26-2, p. 3; Doc. 29, p. 1).

Defendants now move for summary judgment. (Doc. 26).

## III.   LEGAL STANDARD

A court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on motions for summary judgment, courts are required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Coleman v. Hous. Indep. School Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

To survive summary judgment, however, the nonmoving party must do more than allege an issue of material fact: "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Auguster v. Vermilion Par. Sch. Bd.*, 249 F.3d 400, 402 (5th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citations and quotation marks omitted). A party that fails to present competent evidence opposing a motion for summary judgment risks dismissal on this basis alone. *E.g., Broussard v. Oryx Energy Co.*, 110 F. Supp. 2d 532, 536 (E.D. Tex. 2000) ("Plaintiff produced no genuine issue of material fact to prevent the granting of [Defendant's] Motion, and therefore, the Court could grant [Defendant's] Motion for Summary Judgment on this basis alone.").

## IV. DISCUSSION

Defendants move for summary judgment, contending that the Louisiana sudden emergency and latent defect doctrines apply. (Doc. 26-2, p. 7). The Court will address each doctrine in turn.

### A. Sudden Emergency Doctrine

First, under the sudden emergency doctrine, "[o]ne who suddenly finds himself in a position of imminent peril, without sufficient time to consider and weigh all the

3

circumstances or best means that may be adopted to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence." *Thibodeaux v. GEICO Advantage Ins. Co.*, No. CV 16-158-JWD-EWD, 2018 WL 5839386, at *2 (M.D. La. Nov. 7, 2018) (citing *Hickman v. S. Pac. Transp. Co.*, 262 So. 2d 385, 389 (La. 1972); *Snodgrass v. Centanni*, 87 So. 2d 127, 131 (La. 1956)). Under such circumstances, Louisiana law does not require a driver to exercise as much "control or the same degree of care and caution as is required of a person who has ample opportunity for the full exercise of judgment and reason." *Thibodeaux*, WL 5839386, at *2 (citing *Dane v. Canal Ins. Co.*, 126 So. 2d 355, 358–59 (La. 1960); *Commercial Standard Ins. Co. v. Johnson*, 82 So. 2d 8 (La. 1955)).

"Before a motorist can take advantage of the sudden emergency doctrine, it must be found that the emergency was not brought about or contributed to by the motorist." *Rogers v. Averitt Express, Inc.*, No. CV 15-706-JWD-RLB, 2017 WL 5569129, at *4 (M.D. La. Jan. 4, 2017) (citing *Robert v. Travelers Indem. Co.*, 196 So. 2d 657, 660 (La. App. 1st Cir. 1967))

### B. Latent Defect Doctrine

Second, "[a] driver generally is not held to be responsible for latent defects in his vehicle, if he has exercised reasonable care in having the car inspected and as a reasonable man he had no prior notice of a defective condition." *Thibodeaux*, 2018 WL 5839386, at *3 (citing *Cartwright v. Firemen's Ins. Co. of Newark, N.J.*,

4

213 So. 2d 154, 155 (La. App. 3d Cir. 1969), *aff'd*, 223 So. 2d 822 (La. 1969); *see also Delahoussaye v. State Farm Mut. Auto. Ins. Co.*, 202 So. 2d 287, 289 (La. App. 4th Cir. 1967)). Latent defects may only constitute a valid defense when the proof is "exceptionally strong so as to satisfy certain jurisprudential requirements." *Thibodeaux*, 2018 WL 5839386, at *3 (citing *Arceneaux v. Domingue*, 365 So. 2d 1330, 1334 (La. 1978)).

"In order for latent defects to constitute a valid defense, the proof must be strong enough to exclude any other reasonable hypothesis as to the cause of the accident except that it resulted from the alleged defects." *Thibodeaux*, 2018 WL 5839386, at *3 (citing *Arceneaux*, 365 So. 2d at 1334–35). Further, the proof "must establish that the driver was not aware of the defects and that the defects could not reasonably have been discovered and remedied by a proper inspection." *Thibodeaux*, 2018 WL 5839386, at *3 (citing *Sentry Ins. Co. v. Thomas*, 360 So. 2d 268, 269 (La. App. 4th Cir. 1978)).

### C. Factual Issues Preclude Summary Judgment

Reviewing the instant record, the Court finds that factual issues preclude summary judgment. Defendants argue that Durham maintained the tractor in a prudent and reasonable manner. (Doc. 26, p. 1). Specifically, Defendants contend that Durham personally performed inspections and maintenance work on the tractor every eight to nine days. (*Id.* at p. 6). Citing Durham's Affidavit, Defendants contend that Durham never went more than 14 days without performing a comprehensive inspection on the tractor. (*Id.* (citing Doc. 26-4)). Accordingly, Defendants assert that

5

the tractor's driveshaft ejection was a sudden emergency for which Durham is not responsible. (*Id.*).

Plaintiffs respond that there is no evidence to support Durham's self-serving allegations of an unexpected failure. (Doc. 29, p. 5). Plaintiffs point to the lack of documentary support for Durham's claims that he conducted comprehensive inspections, repairs, or maintenance. (*Id.* at p. 6). Plaintiffs also contend that Durham's statements require a credibility determination, which the Court is not permitted to make on summary judgment. (*Id.*).

The Court notes the following. Before Defendants can take advantage of the sudden emergency doctrine, the Court must first find that the emergency was not brought about or contributed to by Durham. *See Rogers v. Averitt Express, Inc.*, No. CV 15-706-JWD-RLB, 2017 WL 5569129, at *4 (M.D. La. Jan. 4, 2017) (citing *Robert v. Travelers Indem. Co.*, 196 So. 2d 657, 660 (La. App. 1st Cir. 1967)). To prevail with the latent defect doctrine, the proof "must establish that [Durham] was not aware of the defects and that the defects could not reasonably have been discovered and remedied by a proper inspection." *Thibodeaux*, 2018 WL 5839386, at *3 (citing *Sentry Ins. Co. v. Thomas*, 360 So. 2d 268, 269 (La. App. 4th Cir. 1978)). Additionally, for latent defects to constitute a valid defense, the proof must be strong enough to exclude "any other reasonable hypothesis" as to the cause of the accident. *Thibodeaux*, 2018 WL 5839386, at *3 (citing *Arceneaux*, 365 So. 2d at 1334–35). The Court is unable to make the required findings based on the record before it at this time.

6

Defendants produced two pieces of evidence in support of their arguments: (1) a March 27, 2017 inspection report, showing that no maintenance or further repairs were needed approximately six months prior to the accident (Doc. 28-5); and (2) Durham's Affidavit, attesting that he regularly conducted inspections on the vehicle. (Doc. 28-6). First, the Court cannot determine whether the March 27, 2017 inspection report, on its own, is sufficient to show that Durham was not aware of the defect with the driveshaft, or whether the defect in the driveshaft could have been reasonably discovered and remedied by a proper inspection. *See Rogers*, 2017 WL 5569129, at *4; *see also Thibodeaux*, 2018 WL 5839386, at *3. Second, while the Court notes that Durham attests that he regularly performed inspections on the vehicle, the Court cannot rule, as a matter of law, that Durham was not aware of the defects, did not contribute to the defects, or that the defects could not have reasonably been discovered and remedied with a proper inspection.

In resolving Defendants' Motion, the Court may not evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes. *Rogers*, 2017 WL 5569129, at *3 (citing *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991)). So long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the Court must deny the motion. *Rogers*, 2017 WL 5569129, at *3 (citing *International Shortstop, Inc.*, 939 F.2d at 1263).

The United States Court of Appeals for the Fifth Circuit has noted the difficulty presented in granting summary judgment in negligence cases:

> Because of the peculiarly elusive nature of the term "negligence" and the necessity that the trier of facts pass upon the reasonableness of the conduct in all the circumstances in determining whether it constitutes negligence, it is the rare personal injury case which can be disposed of by summary judgment, even where the historical facts are concededly undisputed.

*Gauk v. Meleski*, 346 F.2d 433, 437 (5th Cir. 1965). "Thus, a federal court sitting in Louisiana will grant summary judgment in a negligence case only in 'rare circumstances.'" *Dickerson v. Hapl*, No. CV 19-14763, 2020 WL 6307272, at *4 (E.D. La. Oct. 28, 2020). This is not one of those rare circumstances. The issues presented in this case must be determined by the factfinder at trial.

Accordingly, Defendants' Motion for Summary Judgment (Doc. 26) is denied.

## V. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants John Durham, Ace American Insurance Company, and The Besl Transfer Company, Inc.'s Motion for Summary Judgment (Doc. 26) is **DENIED**.

Baton Rouge, Louisiana, this 28th day of July, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**